IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RYHEAM CROCKETT, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> CITY OF CHICAGO, OFFICER JOEL ) <br> SOTO, OFFICER BRIAN COLLINS, ) <br> OFFICER RYAN STEC, and OFFICER ) <br> NICHOLAS MUKITE, ) <br> Defendants. ) | Case No. 17-CV-6563 <br><br> Hon. Andrea R. Wood <br><br> **JURY DEMANDED** |

## AMENDED COMPLAINT

NOW COMES Plaintiff, RYHEAM CROCKETT by and through his attorney, Mary J. Grieb of Shiller Preyar Law Offices, complaining of Defendants, and in support thereof states as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction for state claims as provided in 42 U.S.C. § 1367(a).

### VENUE

3. Venue is proper pursuant to 28 U.S.C. § 1391(b). The events alleged within all occurred in the Northern District of Illinois.

### THE PARTIES

4. RYHEAM CROCKETT ("Plaintiff") resides in the Northern District of Illinois.

1

5. Defendants Joel Soto, Brian Collins, Ryan Stec, and Nicholas Mukite (referred to as "Defendant Officers") are present or former employees of the City of Chicago Police Department. At all relevant times, Defendant Officers were engaged in the conduct complained of while on duty and in the course and scope of their employment and under color of law. Defendant OFFICERS are sued in their individual capacity.

6. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois, and is employer and principal of Defendant Officers.

## BACKGROUND

7. On May 13, 2017, Defendant Officers detained Plaintiff in the 1900 block of South Christiana Ave. in Chicago, Illinois.

8. Plaintiff was in the custody and control of Defendant Officers.

9. Then, Defendant Soto struck Plaintiff several times in the back of Plaintiff's head with a police radio.

10. Defendant Soto had no legal justification to strike Plaintiff with his police radio.

11. All Defendant Officers were present within close proximity to Plaintiff and Defendant Soto but did not stop Defendant Soto from striking Plaintiff with the police radio.

12. As a result of the beating, Plaintiff suffered immediate pain and bleeding from his head.

13. Defendant Officers did not provide Plaintiff medical attention and did not take Plaintiff to the hospital.

14. Instead, Defendant Officers took Plaintiff to the police station and left him in a cell with blood dripping down his shirt.

15. After several hours at the station and several requests by Plaintiff for medical attention, a police supervisor allowed Plaintiff to be taken to St. Anthony Hospital for treatment.

16. As a result of the beating, Plaintiff received four staples to the back of his head and subsequent medical treatment.

17. As a result of the beating, Plaintiff suffered emotional distress.

## COUNT I
### 42 U.S.C. § 1983 - Excessive Force

18. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

19. By striking Plaintiff in the head with his police radio when Plaintiff was already in custody, Defendant Soto inflicted violence upon Plaintiff that was excessive, unnecessary, and disproportionate to the need for action under the circumstances.

20. Defendant Soto was acting under color of state law.

21. As a result of the excessive force inflicted by Defendant Officers, Plaintiff sustained physical injuries as well as emotional damages and pain and suffering.

WHEREFORE, Plaintiff demands judgment against Defendant Soto for compensatory damages, punitive damages, attorneys' fees, costs, and such other and additional relief as this Court deems equitable and just.

## COUNT II
### 42 U.S.C. § 1983 – Unlawful Seizure

22. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

23. Defendant Officers detained Plaintiff.

24. Defendant Officers did not have a reasonable suspicion that Plaintiff had committed or was committing a crime when they stopped him.

25. Such actions constitute deliberate indifference to Plaintiff's rights under the United States Constitution, in violation of the Fourth and Fourteenth Amendments.

26. Because of the illegal seizure, Plaintiff was injured, including loss of liberty and emotional damages.

27. The actions of the Defendants were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment against the Defendant Officers for compensatory damages, punitive damages, costs and attorney's fees, and such other and additional relief as this Court deems equitable and just.

### COUNT III
### 42 U.S.C. § 1983 - Failure to Intervene

28. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

29. Defendant Officers had a reasonable opportunity to prevent the use of excessive force against Plaintiff and to prevent his injuries, but failed to do so.

30. As a result of Defendant Officers' failure to intervene, Plaintiff suffered physical and emotional injuries, loss of liberty, and emotional distress.

31. Defendant Officers' misconduct was objectively unreasonable.

WHEREFORE, Plaintiff demands judgment against Defendant Officers for compensatory damages, punitive damages, costs, and attorneys' fees, and such other and additional relief as this Court deems equitable and just.

### COUNT IV
### 42 U.S.C. § 1983- Failure to Provide Medical Attention

32. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

33. Plaintiff had a serious need for medical attention from being struck in the head

34. Defendant Officers were deliberately indifferent to this serious medical need by failing to allow Plaintiff prompt access to medical attention or taking Plaintiff to the hospital.

35. This misconduct undertaken by Defendant Officers caused harm to Plaintiff.

36. This misconduct was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment against Defendant Officers for compensatory damages, punitive damages, costs' and attorneys' fees and additional relief that this Court deems equitable and just.

**COUNT V**
**State Claim-Battery**
**Against Defendant City of Chicago**

37. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

38. Without the consent of Plaintiff, Defendant Officers intentionally, harmfully, and offensively touched him.

39. Plaintiff was damaged by this intentional and unauthorized touching.

40. Defendant Officers' conduct that resulted in this battery was undertaken with malice, willfulness, and reckless indifference to Plaintiff's rights.

41. The misconduct was undertaken by Defendant Officers was within the scope of their employment and under the color of law such that their employer, the City of Chicago, is liable for those actions.

WHEREFORE, Plaintiff demands judgment against the City of Chicago for compensatory damages, costs, and such other and additional relief as this Court deems equitable and just.

**COUNT VI**

**State Claim – Intentional Infliction of Emotional Distress**

42. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

43. The acts and conduct of Defendant Officers set forth above were extreme and outrageous.

44. Defendant Officers intended to cause, or was in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff.

45. Said actions and conduct did directly and proximately cause severe emotional distress to Plaintiff and thereby constituted intentional infliction of emotional distress.

46. Defendant Officers' conduct was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

47. As a proximate result of Defendant Officers' wrongful acts, Plaintiff suffered damages, including severe emotional distress and anguish.

WHEREFORE, Plaintiff demands judgment against Defendant City of Chicago for compensatory damages, costs, and such other and additional relief as this Court deems equitable and just.

## COUNT VII
### Indemnity Claim - 745 ILCS 10/9-102 Against City of Chicago

48. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

49. Defendant City of Chicago is the employer of Defendant Officers.

50. Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

51. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

52. As a proximate cause of Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Plaintiff suffered physical and emotional injuries.

6

WHEREFORE, Plaintiff demands judgment against the City of Chicago for compensatory damages, attorney's fees, costs, medical expenses, and such other and additional relief as this Court deems equitable and just.

## COUNT VIII
### *Respondeat Superior* Liability Against City of Chicago for State Law Claims Against Defendant Officers

53. Plaintiff re-alleges and incorporates all previous paragraphs.

54. Defendant City of Chicago is the employer of Defendant Officers.

55. Defendant City of Chicago is liable for its employees' actions committed in the scope of their employment as duly appointed police officers under the doctrine of *respondeat superior*.

56. The acts of Defendant Officers described in the state-law claims specified above were willful and wanton and committed in the scope of their employment as employees of the Defendant City of Chicago.

57. As a proximate cause of the Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Plaintiff was injured.

WHEREFORE, Plaintiff demands judgment against Defendant City for compensatory damages, costs, and such other and additional relief that this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

RYHEAM CROCKETT
By One of his Attorneys:

s/Mary J. Grieb
Mary J. Grieb
Shiller Preyar Law Offices
601 S. California Ave.
Chicago, IL 60612
(312)226-4590