58425-LSK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RYHEAM CROCKETT, | |
| Plaintiff, | |
| v. | No. 17 CV 6563 |
| CITY OF CHICAGO, OFFICER JOEL SOTO, OFFICER BRIAN COLLINS, OFFICER RYAN STEC, and OFFICER NICHOLAS MUKITE, | Judge Andrea Wood |
| Defendants. | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

NOW COME the Defendants, CITY OF CHICAGO, and OFFICER JOEL SOTO, OFFICER BRIAN COLLINS, OFFICER RYAN STEC and OFFICER NICHOLAS MUKITE, by and through their attorneys, Querrey & Harrow, Ltd., and for their Answer and Affirmative Defenses to Plaintiff's Amended Complaint, state as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

**ANSWER:** Defendants admit that Plaintiff is alleging claims under 42 U.S.C. § 1983 and the Constitution of the United States, but deny any wrongful conduct.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Action 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction for state claims as provided in 42 U.S.C. § 1367(a).

**ANSWER:** Defendants admit that jurisdiction is proper.

## VENUE

3. Venue is proper pursuant to 28 U.S.C. § 1391(b). The events alleged within all occurred in the Northern District of Illinois.

**ANSWER:** Defendants admit that venue is proper but deny any wrongful conduct.

## THE PARTIES

4. RYHEAM CROCKETT ("Plaintiff") resides in the Northern District of Illinois.

**ANSWER:** Defendants lack sufficient information to admit or deny the allegations set forth in paragraph 4.

5. Defendants, Joel Soto, Brian Collins, Ryan Stec, and Nicholas Mukite (referred to as "Defendant Officers") are present or former employees of the City of Chicago Police Department. At all relevant times, Defendant Officers were engaged in the conduct complained of while on duty and in the course and scope of their employment and under color of law. Defendant OFFICERS are sued in their individual capacity.

**ANSWER:** Defendants admit at all relevant times Defendant Officers were employed by the City and acting within the scope of their employment and under color of state law. Further answering, Defendants deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

6. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois, and is employer and principal of Defendant Officers.

**ANSWER:** Defendants admit the allegations set forth in paragraph 6.

## BACKGROUND

7. On May 13, 2017, Defendant Officers detained Plaintiff in the 1900 block of South Christiana Ave. in Chicago, Illinois.

**ANSWER:** Defendants deny as phrased the allegations set forth in paragraph 7. Defendant Officers first encountered Plaintiff on the 1900 block of South Christiana Avenue, but Plaintiff fled and was eventually detained or placed into police custody in the area of 1953 S. Homan. Further answering, Defendants deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

8. Plaintiff was in the custody and control of Defendant Officers.

**ANSWER:** Defendants admit that Plaintiff was in the custody and control of Defendant Officers in the area of 1953 S. Homan. Further answering, Defendants deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

9. Then, Defendant Soto struck Plaintiff several times in the back of Plaintiff's head with a police radio.

**ANSWER:** Defendants deny the allegations set forth in paragraph 9. Further answering, Defendants deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

10. Defendant Soto had no legal justification to strike Plaintiff with his police radio.

**ANSWER:** Defendants deny as phrased the allegations set forth in paragraph 10. Further answering, Defendants deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

11. All Defendant Officers were present within close proximity to Plaintiff and Defendant Soto but did not stop Defendant Soto from striking Plaintiff with the police radio.

ANSWER: Defendants deny as phrased the allegations set forth in paragraph 11. Further answering, Defendants deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

12. As a result of the beating, Plaintiff suffered immediate pain and bleeding from his head.

**ANSWER:** Defendants deny the allegations set forth in paragraph 12, and further deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

13. Defendant Officers did not provide Plaintiff medical attention and did not take Plaintiff to the hospital.

**ANSWER:** Defendants admit that they did not provide Plaintiff with medical attention and did not take him to the hospital because he refused medical treatment when offered. Further answering, Defendants deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

14: Instead, Defendant Officers took Plaintiff to the police station and left him in a cell with blood dripping down his shirt.

**ANSWER:** Defendants admit that Plaintiff was brought to the police station, but deny as phrased the remaining allegations set forth in paragraph 14. Further answering, Defendants deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

15. After several hours at the station and several requests by Plaintiff for medical attention, a police supervisor allowed Plaintiff to be taken to St. Anthony Hospital for treatment.

**ANSWER:** Defendants admit that Plaintiff was taken to St. Anthony Hospital for treatment, but deny the remaining allegations set forth in paragraph 15. Further answering, Defendants deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

16. As a result of the beating, Plaintiff received four staples to the back of his head and subsequent medical treatment.

**ANSWER:** Defendants admit that Plaintiff received two staples in the back of his head at St. Anthony Hospital, but deny that he had any active bleeding and further deny the remaining allegations set forth in paragraph 16. Further answering, Defendants deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

17. As a result of the beating, Plaintiff suffered emotional distress.

**ANSWER:** Defendants deny the allegations set forth in paragraph 17, and further deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

## COUNT I
### 42 U.S.C. § 1983 – Excessive Force

18. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

**ANSWER:** Defendants restate and incorporate all answers to all of the preceding paragraphs as if fully set forth herein.

19. By striking Plaintiff in the head with his police radio when Plaintiff was already in custody, Defendant Soto inflicted violence upon Plaintiff that was excessive, unnecessary, and disproportionate to the need for action under the circumstances.

**ANSWER:** Defendants deny the allegations set forth in paragraph 19, and further deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

20. Defendant Soto was acting under color of state law.

**ANSWER:** Defendants admit that Officer Soto was acting under color of state law at all relevant times. Further answering, Defendants deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

21. As a result of the excessive force inflicted by Defendant Officers, Plaintiff sustained physical injuries as well as emotional damages and pain and suffering.

**ANSWER:** Defendants deny the allegations set forth in paragraph 21, and further deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

WHEREFORE, Defendants, CITY OF CHICAGO, and OFFICER JOEL SOTO, OFFICER BRIAN COLLINS, OFFICER RYAN STEC and OFFICER NICHOLAS MUKITE, respectfully request that this Court enter judgment in their favor and against Plaintiff, to assess costs and for any further relief this Court deems just and proper.

### COUNT II
### 42 U.S.C. § 1983 – Unlawful Seizure

22. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

**ANSWER:** Defendants restate and incorporate all answers to all of the preceding paragraphs as if fully set forth herein.

23. Defendant Officers detained Plaintiff.

**ANSWER:** Defendants admit the allegations set forth in paragraph 24, but deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

24. Defendant Officers did not have a reasonable suspicion that Plaintiff had committed or was committing a crime when they stopped him.

**ANSWER:** Defendants deny the allegations set forth in paragraph 24, and further deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

25. Such actions constitute deliberate indifference to Plaintiff's rights under the United States Constitution, in violation of the Fourth and Fourteenth Amendments.

**ANSWER:** Defendants deny the allegations set forth in paragraph 25, and further deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

26 Because of the illegal seizure, Plaintiff was injured, including loss of liberty and emotional damages.

**ANSWER:** Defendants deny the allegations set forth in paragraph 26, and further deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

27. The actions of the Defendants were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

**ANSWER:** Defendants deny the allegations set forth in paragraph 27, and further deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

WHEREFORE, Defendants, CITY OF CHICAGO, and OFFICER JOEL SOTO, OFFICER BRIAN COLLINS, OFFICER RYAN STEC and OFFICER NICHOLAS MUKITE, respectfully request that this Court enter judgment in their favor and against Plaintiff, to assess costs and for any further relief this Court deems just and proper.

## COUNT III
### 42 U.S.C. § 1983 – Failure to Intervene

28. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

**ANSWER:** Defendants restate and incorporate all answers to all of the preceding paragraphs as if fully set forth herein.

29. Defendant Officers had a reasonable opportunity to prevent the use of excessive force against Plaintiff and to prevent his injuries, but failed to do so.

**ANSWER:** Defendants deny the allegations set forth in paragraph 29, and further deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

30. As a result of Defendant Officers' failure to intervene, Plaintiff suffered physical and emotional injuries, loss of liberty and emotional distress.

**ANSWER:** Defendants deny the allegations set forth in paragraph 30, and further deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

31. Defendant Officers' misconduct was objectively unreasonable.

**ANSWER:** Defendants deny the allegations set forth in paragraph 31, and further deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

WHEREFORE, Defendants, CITY OF CHICAGO, and OFFICER JOEL SOTO, OFFICER BRIAN COLLINS, OFFICER RYAN STEC and OFFICER NICHOLAS MUKITE, respectfully request that this Court enter judgment in their favor and against Plaintiff, to assess costs and for any further relief this Court deems just and proper.

## COUNT IV
### 42 U.S.C. § 1983 – Failure to Provide Medical Attention

32. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

**ANSWER:** Defendants restate and incorporate all answers to all of the preceding paragraphs as if fully set forth herein.

33. Plaintiff had a serious need for medical attention from being struck in the head.

**ANSWER:** Defendants deny the allegations set forth in paragraph 33, and further deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

34. Defendant Officers were deliberately indifferent to this serious medical need by failing to allow Plaintiff prompt access to medical attention or taking Plaintiff to the hospital.

**ANSWER:** Defendants deny the allegations set forth in paragraph 30. Further answering, Plaintiff refused medical treatment. Defendants also deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

35. This misconduct undertaken by Defendant Officers caused harm to Plaintiff.

**ANSWER:** Defendants deny the allegations set forth in paragraph 35, and further deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

36. This misconduct was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

**ANSWER:** Defendants deny the allegations set forth in paragraph 36, and further deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

WHEREFORE, Defendants, CITY OF CHICAGO, and OFFICER JOEL SOTO, OFFICER BRIAN COLLINS, OFFICER RYAN STEC and OFFICER NICHOLAS MUKITE, respectfully request that this Court enter judgment in their favor and against Plaintiff, to assess costs and for any further relief this Court deems just and proper.

## COUNT V
### State Claim – Battery
### Against Defendant City of Chicago

37. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

**ANSWER:** Defendants restate and incorporate all answers to all of the preceding paragraphs as if fully set forth herein.

38. Without the consent of Plaintiff, Defendant Officers intentionally, harmfully, and offensively touched him.

**ANSWER:** Defendants deny the allegations set forth in paragraph 38, and further deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

39. Plaintiff was damaged by this intentional and unauthorized touching.

**ANSWER:** Defendants deny the allegations set forth in paragraph 39, and further deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

40. Defendant Officers' conduct that resulted in this battery was undertaken with malice, willfulness, and reckless indifference to Plaintiff's rights.

**ANSWER:** Defendants deny the allegations set forth in paragraph 40, and further deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

41. This misconduct was undertaken by Defendant Officers was within the scope of their employment and under the color of law such that their employer, the City of Chicago, is liable for those actions.

**ANSWER:** Defendants admit that Defendant Officers were acting within the scope of their employment and under the color of law at all relevant times and that Illinois law requires that public entities are liable for compensatory damages on a tort judgment against an employee who

was acting within the scope of his or her employment. Defendants deny the remaining allegations set forth in paragraph 41. Further answering, Defendants deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

WHEREFORE, Defendants, CITY OF CHICAGO, and OFFICER JOEL SOTO, OFFICER BRIAN COLLINS, OFFICER RYAN STEC and OFFICER NICHOLAS MUKITE, respectfully request that this Court enter judgment in their favor and against Plaintiff, to assess costs and for any further relief this Court deems just and proper.

## COUNT VI

### State Claim – Intentional Infliction of Emotional Distress

42. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

**ANSWER:** Defendants restate and incorporate all answers to all of the preceding paragraphs as if fully set forth herein.

43. The acts and conduct of Defendant Officers set forth above were extreme and outrageous.

**ANSWER:** Defendants deny the allegations set forth in paragraph 43, and further deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

44. Defendant Officers intended to cause, or was in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff.

**ANSWER:** Defendants deny the allegations set forth in paragraph 44, and further deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

45. Said actions and conduct did directly and proximately cause severe emotional distress to Plaintiff and thereby constituted intentional infliction of emotional distress.

**ANSWER:** Defendants deny the allegations set forth in paragraph 45, and further deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

46. Defendant Officers' conduct was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

**ANSWER:** Defendants deny the allegations set forth in paragraph 46, and further deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

47. As a proximate result of Defendant Officers' wrongful actions, Plaintiff suffered damages including severe emotional distress and anguish.

**ANSWER:** Defendants deny the allegations set forth in paragraph 47, and further deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

WHEREFORE, Defendants, CITY OF CHICAGO, and OFFICER JOEL SOTO, OFFICER BRIAN COLLINS, OFFICER RYAN STEC and OFFICER NICHOLAS MUKITE, respectfully request that this Court enter judgment in their favor and against Plaintiff, to assess costs and for any further relief this Court deems just and proper.

## COUNT VII
### Indemnity Claim – 745 ILCS 10/9-102 Against City of Chicago

48. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

**ANSWER:** Defendants restate and incorporate all answers to all of the preceding paragraphs as if fully set forth herein.

49. Defendant City of Chicago is the employer of Defendant Officers.

**ANSWER:** Defendants admit the allegations set forth in paragraph 49.

50. Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

**ANSWER:** Defendants admit at all relevant times Defendant Officers were employed by the City and acting within the scope of their employment and under color of state law. Defendants deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

51. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

**ANSWER:** Defendants admit that Illinois law provides that public entities are liable for compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment. Further answering, however, Defendants deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

14

52. As a proximate cause of Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Plaintiff suffered physical and emotional injuries.

**ANSWER:** Defendants deny the allegations set forth in paragraph 52, and further deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

WHEREFORE, Defendants, CITY OF CHICAGO, and OFFICER JOEL SOTO, OFFICER BRIAN COLLINS, OFFICER RYAN STEC and OFFICER NICHOLAS MUKITE, respectfully request that this Court enter judgment in their favor and against Plaintiff, to assess costs and for any further relief this Court deems just and proper.

## COUNT VIII
### *Respondeat Superior* Liability Against City of Chicago
### For State Law Claims Against Defendant Officers

53. Plaintiff re-alleges and incorporates all previous paragraphs.

**ANSWER:** Defendants restate and incorporate all answers to all of the preceding paragraphs as if fully set forth herein.

54. Defendant City of Chicago is the employer of Defendant Officers.

**ANSWER:** Defendants admit the allegations set forth in paragraph 54.

55. Defendant City of Chicago is liable for employees' actions committed in the scope of their employment as duly appointed police officers under the doctrine of *respondeat superior.*

**ANSWER:** Defendants admit the allegations set forth in paragraph 55, but deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

56. The acts of Defendant Officers described in the state-law claims specified above were willful and wanton and committed in the scope of their employment as employees of the Defendant City of Chicago.

**ANSWER:** Defendants admit at all relevant times Defendant Officers were employed by the City and acting within the scope of their employment and under color of state law, but deny the remaining allegations and conclusions set forth in paragraph 56. Further answering, Defendants deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

57. As a proximate cause of the Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Plaintiff was injured.

**ANSWER:** Defendants admit that they were acting within the scope of their employment at all relevant times, but deny the remaining allegations set forth in paragraph 57. Further answering, Defendants deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

WHEREFORE, Defendants, CITY OF CHICAGO, and OFFICER JOEL SOTO, OFFICER BRIAN COLLINS, OFFICER RYAN STEC and OFFICER NICHOLAS MUKITE, respectfully request that this Court enter judgment in their favor and against Plaintiff, to assess costs and for any further relief this Court deems just and proper.

**AFFIRMATIVE DEFENSES**

Without waiver of any of the denials in the above paragraphs, Defendants, CITY OF CHICAGO, and OFFICER JOEL SOTO, OFFICER BRIAN COLLINS, OFFICER RYAN STEC and OFFICER NICHOLAS MUKITE, by and through their attorneys, QUERREY & HARROW, LTD, assert the following Affirmative Defenses to Plaintiff's Amended Complaint:

1. Defendant Officers are government officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's Amended Complaint, reasonable Police Personnel, objectively viewing facts and circumstances then confronting Defendant Officers during the incident which allegedly provides the basis for the present case, could have reasonably believed the actions taken by them were objectively reasonable and were within the constitutional limits that were clearly established at the time. Defendant Officers, therefore, are entitled to qualified immunity.

2. As to any state claims under Illinois law, under the Local Governmental and Governmental Employees Tort Immunity Act (hereinafter "Illinois Tort Immunity Act"), the City of Chicago is not liable for an injury resulting from an act or omission of its employee where the employee is not liable. 745 ILCS 10/2-109.

3. As to any state law claim, under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the claims alleged because the actions of Defendants with respect to Plaintiff were based upon the information and circumstances known to those Defendant Officers at the time and were discretionary for which they are immune from liability. 745 ILCS 10/2-201.

4. As to any state law claim, under the Illinois Tort Immunity Act, Defendant Officers are not liable for any claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202.

5. As to any state law claim, under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the claims alleged because a public employee, as such, and acting within the scope of his or her employment, is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

6. Plaintiff is not entitled to attorney's fees for his state law claims. *See Pennsylvania Truck Lines, Inc. v. Solar Equity Corp.*, 882 F.2d 221, 227 (7th Cir. 1989); *Kerns v. Engelke*, 76 Ill. 2d 154, 166, 390 N.E.2d 859, 856 (1979).

7. An award of punitive damages would deprive the Defendant Officers of due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution where:

> (a) liability for punitive damages has not been proven beyond a reasonable doubt, or at least by clear and convincing evidence; and
>
> (b) the award of punitive damages is disproportionate to actual damages.

8. The City of Chicago cannot be held liable for punitive damages for bad faith actions of its officials. *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

## JURY DEMAND

The Defendants demand a trial by jury.

>Respectfully submitted,
>
>Defendants, CITY OF CHICAGO,
>OFFICERS JOEL SOTO, BRIAN COLLINS,
>RYAN STEC and NICHOLAS MUKITE
>
>BY:  s/Larry S. Kowalczyk
>     One of Defendants' Attorneys

Larry S. Kowalczyk
Megan K. Monaghan
Matthew P. Dixon
QUERREY & HARROW, LTD.
175 W. Jackson Blvd., Suite 1600
Chicago, IL 60604
(312) 540-7000

Document #: 1834553